IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 10, 2004

## JONATHAN D. TEARS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Marshall County**
**No. 15525   Charles Lee, Judge**

_____

**No. M2003-02291-CCA-R3-PC - Filed November 10, 2004**

_____

A Marshall County jury convicted the Petitioner, Jonathan D. Tears, of multiple drug-related offenses, and the trial court sentenced him to twelve years. The Petitioner did not appeal his convictions or sentence, but filed a pro se petition for post-conviction relief on the grounds that he was denied effective assistance of counsel. Following a hearing on the post-conviction petition, the post-conviction court dismissed the petition. On appeal, the Petitioner contends that he was denied effective assistance of counsel because: (1) both his trial and appellate counsel failed to properly advise him about the law regarding his right to file a motion for new trial; (2) trial and appellate counsel failed to inform the Petitioner of his right to appointed counsel for appeal; and (3) trial and appellate counsel failed to fully advise him of his right to appeal the sentence imposed by the trial court. After thoroughly reviewing the record and the applicable law, we conclude that there exists reversible error in the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, J., and NORMA MCGEE OGLE, J., joined.

Andrew Jackson Dearing, III, Shelbyville, Tennessee, for the appellant, Jonathan D. Tears.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Bernard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**

In 2002, a Marshall County jury convicted the Petitioner, Jonathan D. Tears of multiple drug-related charges, including possession of cocaine, in case number 15525. In 2003, the Petitioner filed a pro se petition for post-conviction relief in which he asserted that he was denied effective assistance of counsel. Specifically, the Petitioner asserted that he was denied effective assistance of counsel because: (1) his trial and appellate counsel failed to file a motion for a new trial; (2) counsel failed to inform the Petitioner of his right to appointed counsel for an appeal; and (3) counsel failed to appeal the Petitioner's conviction.

The following evidence was presented at the post-conviction hearing. The Petitioner testified that after his conviction and prior to his sentencing hearing, his trial counsel, Don Himmelberg ("Counsel") discussed with him the procedures to follow for an appeal, including the cost of the appeal. The Petitioner said that Counsel told him that an appeal would cost at least $2500. The Petitioner stated that, after the sentencing hearing, Counsel never discussed his right to appeal the sentence imposed upon him or his right to file a motion for a new trial and that Counsel did not tell him of his right to an appointed attorney, if he was unable to afford an attorney, for his direct appeal. The Petitioner further testified that he never informed Counsel that he did not wish to pursue an appeal and that he did not waive his right to appeal.

On cross-examination, the Petitioner admitted that Counsel, and possibly his appellate counsel, Lance Mayes ("Appellate Counsel"), filed a motion to withdraw because the Petitioner had not kept in contact with them. The Petitioner stated that Counsel failed to contact him. The Petitioner stated that Appellate Counsel asked him if would like to appeal his conviction and the Petitioner responded that he wanted to appeal his case. He said that Counsel explained the fee for the appeal but that neither of his attorneys "got that deep into a discussion about the appeal." The Petitioner stated that his attorneys did not fully inform him of his right to have a court appointed attorney represent him during his appeal. Further, he said that his post-conviction petition, which requested that his appeal be reinstated, took a full year to complete because he was unfamiliar with the law. The Petitioner explained that the person assisting him was transferred to a new facility, and the Petitioner did not have access to the correctional facility law library for an extended period of time. The Petitioner admitted that he knew he had the right to appeal, but did not know the extent of that right.

Counsel testified that during his representation of the Petitioner, he spoke with the Petitioner several times. Counsel stated that he had set up approximately three meetings with the Petitioner at Counsel's office, but the Petitioner never came to any of them, so Counsel filed a motion to withdraw. Counsel testified that he was unsure whether the motion to withdraw was denied or if he withdrew the motion but the case proceeded to trial. Counsel said that, during trial, he and Appellate Counsel had several conversations with the Petitioner about the process of filing a motion for new trial and an appeal. He said that he and Appellate Counsel told the Petitioner that Appellate Counsel would handle the appeal, and that there was a fee for the appellate work.

Counsel testified that he and Appellate Counsel told the Petitioner that, if the Petitioner chose not to appeal, he still had the right to file a motion for new trial, and he said that he told the

Petitioner of the thirty day time frame to file a motion for new trial. Counsel testified that he explained this again to the Petitioner at the sentencing hearing, while Appellate Counsel was not present. Counsel stated that the Petitioner did not directly respond, but that the Petitioner told Counsel that he would contact Counsel about his decision to appeal. Counsel said that the Petitioner and Counsel never communicated after the sentencing hearing. Further, he said that the Petitioner's original fee, which was paid, included the filing of a motion for new trial, but he did not file the motion because he left that decision to the Petitioner, and the Petitioner did not instruct Counsel to file the motion.

Appellate Counsel testified that he practices with Counsel, and they collaborate on criminal trials. Appellate Counsel stated that he was available for the scheduled meetings between the Petitioner and Counsel, but the Petitioner did not attend. Appellate Counsel testified that he did not communicate with the Petitioner prior to trial and was not involved in the actual trial of the case, but he attended the trial. Appellate Counsel stated that he had several conversations with the Petitioner during the trial and jury deliberation and informed him of the issues available for appeal. Appellate Counsel testified that he informed the Petitioner of the thirty days available to file a motion for new trial and notice of appeal, and he told the Petitioner that he would have to make the fee arrangement with Counsel. Appellate Counsel stated that it is his usual practice to file both the motion for new trial and notice of appeal together to insure that the necessary issues are included. He testified that he had no further contact with the Petitioner after the trial.

At the conclusion of the hearing, the post-conviction court made the following findings of fact and conclusions of law:

> The [P]etitioner is no stranger to the criminal justice system. He has at least one prior felony conviction and perhaps more. On one prior occasion, after conviction of the charge of facilitation of robbery, he elected not to appeal that conviction. Before his trial which is the subject matter of this post conviction relief petition, the [P]etitioner testified that he knew he had a right of appeal but ". . . didn't know [the] extent of the right. . . ."
>
> Mr. Himmelberg testified that before the [P]etitioner's trial, the [P]etitioner failed to adequately consult with him to prepare for trial. The [P]etitioner failed to keep appointments for trial preparation on at least three occasions. The lack of [P]etitioner's cooperation caused Mr. Himmelberg to take the extraordinary precaution of filing a motion to withdraw on the day of the trial. . . . Mr. Himmelberg withdrew his motion to withdraw but only after the [P]etitioner filed a written waiver on any issues associated with the withdrawal. . . .
>
> At the evidentiary hearing in this matter, the [P]etitioner denied that he had failed to adequately communicate with his attorney to prepare for trial. Instead he takes the position that it was not he who failed to keep in adequate communication, but his attorney failed to contact him. . . . The court accredits the testimony of Mr.

Himmelberg. . . .

Mr. Himmelberg associated Mr. Lance Mayes to assist him with the [P]etitioner's trial and to prepare for a possible appeal. Mr. Mayes was present during the [P]etitioner's trial. While the jury deliberated, Mr. Mayes explained the appeals' process including the importance and time table of filing a motion for new trial to the [P]etitioner.

. . . Mr. Himmelberg testified that he explained to the defendant that he was prepared to file a motion for new trial and the motion for new trial was not contingent on the payment of any additional fee. Further, he explained that if the motion for new trial was denied and an appeal taken then a new fee arrangement would be made. When asked what the [P]etitioner's desires were regarding the motion for new trial, Mr. Himmelberg testified that the [P]etitioner stated that he would call Mr. Himmelberg to "let him know." The [P]etitioner never advised Mr. Himmelberg as to his desires.

. . . The case presently before the court does not involve a situation where the petitioner expressed his desire to appeal. Had the petitioner's lawyer failed to properly perfect an appeal after having been instructed to do so, the petitioner would be entitled to relief on the grounds of ineffective assistance of counsel. . . . Rather the petitioner's case is one where he may have been deprived of his right to appeal through his own dalliance.

. . . The [P]etitioner had every opportunity to advise counsel of his desires. His communications with counsel were not restricted by the state even though he was incarcerated. He had the ability to communicate both by phone and by mail. He simply decided to wait to raise these issues, perhaps for tactical reasons, until the very last moment.

It is from this order of the trial court that the Petitioner now appeals.

## II. Analysis

The Petitioner now contends that he should be granted post-conviction relief because he received ineffective assistance of counsel at trial. In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-103 (2003). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f) (2003). Upon review, this court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the

weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999); Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). A post-conviction court's factual findings are subject to a de novo review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely de novo review by this Court, with no presumption of correctness. Id. at 457. The Tennessee Supreme Court has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to de novo review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, section 9, of the Tennessee Constitution. Id.; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461. In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. Strickland, 466 U.S. at 690; State v. Mitchell, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988). The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. Strickland, 466 U.S. at 690; Cooper, 849 S.W.2d at 746; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462. Counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980).

The Petitioner contends that he was denied effective assistance of counsel because neither Counsel nor Appellate Counsel properly advised him about the law regarding a motion for new trial and notice of appeal. The Petitioner asserts that both attorneys failed to determine whether the

Petitioner wished to pursue an appeal. Further, the Petitioner contends that, since there is no written waiver of appeal filed, there was not a clear understanding between Counsel and Appellate Counsel and the Petitioner regarding the appeal process. Conversely, the State asserts that both Counsel and Appellate Counsel communicated with the Petitioner regarding the appellate process, but that the Petitioner failed to inform them of whether he wished to pursue an appeal. Further, the State contends that the Petitioner has failed to meet his burden in showing that either attorney's performance amounted to ineffective assistance of counsel.

A constitutional and statutory right exists for one level of appellate review. See Taylor v. State, No. W2000-01991-CCA-R3-PC, 2001 WL 468653 (Tenn. Crim. App., at Jackson, May 3, 2001), *no perm. app. filed*; see also Collins v. State, 670 S.W.2d 219, 221 (Tenn. 1984). A defendant may waive the right to appeal. "The law, however, 'does not require an appeal of a conviction in a criminal case in the event the defendant, for reasons satisfactory to himself, desires not to have such an appeal.'" Serrano v. State, 133 S.W.3d 599, 604 (Tenn. 2004) (citing Collins, 670 S.W.2d at 221 (Tenn. 1984)). There are certain safeguards in place to insure that the defendant is aware of the results of his waiver of an appeal. Rule 37(d), Rules of Criminal Procedure provides, in part:

> Counsel for all defendants, whether indigent or not, who have a right to appeal from a judgment of conviction, shall either timely file such notice of appeal or file with the clerk during the time within which the notice of appeal could have been filed, a written waiver of appeal signed by the defendant. Such waiver of the right of appeal shall clearly reflect that the defendant was aware of the right and voluntarily waived it. Such waiver shall be subscribed to by counsel of record for the defendant.

Rule 37(d) requires that a defendant knowingly and voluntarily waive his right to an appeal. The failure to conform to Rule 37(d) does not violate a constitutional right. See Rainer v. State, 958 S.W.2d 356 (Tenn. Crim. App., at Jackson, March 27, 1997), *perm. to appeal denied* (Tenn. Sept. 15, 1997). This Court has held that "[f]ailure to file a written waiver of appeal does not render a judgment invalid if the record clearly and unambiguously shows that the defendant knew of his right to appeal and intended to waive that right." Hendrix v. State, No. 01C01-9708-CR-00343, 1998 WL 70782 (Tenn. Crim. App., at Nashville, Oct. 9, 1998), *no perm. app. filed*. Further, this Court has reversed the trial court and granted a delayed appeal where there was no written waiver of appeal, and there was no clear understanding between counsel and client regarding the appeals process. "In our view, there is an affirmative obligation on the part of counsel to determine whether a client seeks an appeal, even if it relates only to the sentence." Hurt v. State, No. 01C01-9207-CC-00213, 1993 WL 39751, at *3 (Tenn. Crim. App., at Nashville, Feb. 18, 1993), *no perm. app. filed*; see also Purdy v. State, No. 02C01-9807-CC-00211, 1999 WL 188177, at *4 (Tenn. Crim. App., at Jackson, April 7, 1999). *no perm. app. filed*; Beard v. State, No. 01C01-9607-CC-00324, 1997 WL 688997, at *2 (Tenn. Crim. App., at Nashville, Nov. 5, 1997), *perm. to appeal denied* (Tenn. June 8, 1998).

In the case under submission, it appears that neither Counsel nor Appellate Counsel

conformed with Rule 37(d) by filing a written waiver. This failure, however, does not entitle the Petitioner to the relief he seeks if the record "clearly and unambiguously" shows that the Petitioner knew of this right to an appeal and "intended to waive that right". See Hendrix, 1998 WL 707802, at *2. Therefore, we turn to decide whether the record evinces these requirements.

The post-conviction court found, and it is not disputed that, the Petitioner knew of his right to appeal. Therefore, the only issue we must decide is whether the Petitioner's failure to contact Counsel or Appellate Counsel about whether he desired an appeal clearly and unambiguously shows that the Petitioner "intended" to waive his right to appeal. We previously addressed this issue in Purdy v. State, No. 02C01-9807-CC-00211, 2001 WL 468653 (Tenn. Crim. App., at Jackson, April 7, 1999), *no perm. app. filed*. In Purdy, the petitioner was found guilty of murder in the second degree. After the conviction, there was no motion for new trial filed and no appeal was perfected. The petitioner filed a pro se petition alleging that his right to appeal was denied because of ineffective assistance of counsel. The post-conviction court denied the petition. This Court stated that a delayed appeal had previously been granted ". . .where there was no written waiver of appeal, and there was no clear understanding between counsel and client regarding the appeals process." Purdy, at *4. The Court then reversed the post-conviction court's judgment based on its conclusion that there was no substantive evidence showing that the petitioner waived his right to appeal. Specifically, the Court stated that the petitioner "gave his attorney no instruction either way. At best, the proof shows that if the petitioner made a decision as to whether or not to appeal, he did not make that decision known to his attorney. Likewise, the record fails to demonstrate a delegation of authority to counsel to make that decision." Id. This Court concluded that absent express authority, if an attorney makes the unilateral decision not to appeal, that decision results in the denial of a petitioner's right to appeal.

In the case under submission, the trial court found that the Petitioner chose, or intended, to waive his right to appeal. While it is true that the record fails to establish any affirmative act on the Petitioner's part to pursue his appeal, there is no substantive evidence that he waived the right to appeal. He gave his attorneys no instruction either way. At best, the proof shows that if the Petitioner made a decision about whether to appeal, he did not make that decision known to his attorneys. Likewise, the record fails to establish that the Petitioner delegated the authority to Counsel or Appellate Counsel to make a decision regarding his appeal. Absent that express authority, the decision of the attorneys not to appeal resulted in the denial of the Petitioner's constitutional right to appeal.

While we do not question the good faith of either of the Petitioner's attorneys, the record does not show that the Petitioner definitely waived his right to appeal and, therefore, we find that the evidence preponderates against the finding of the trial court that the Petitioner intended or chose to waive his appeal. Accordingly, this cause is remanded to the trial court to allow the Petitioner to file a motion for new trial and to pursue a direct appeal of the judgment of conviction and sentence in accordance with Tennessee Code Annotated section 40-30-113.

-7-

### III. Conclusion

In accordance with the foregoing authorities and reasoning, we conclude that the Petitioner has proven ineffective assistance of counsel by clear and convincing evidence. Therefore, we REVERSE the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE