**Dennis Mark COLLINS,**
**Plaintiff-Appellee,**

v.

**STATE of Tennessee,**
**Defendant-Appellant.**

Supreme Court of Tennessee,
at Knoxville.

May 29, 1984.

John F. Southworth, Jr., Asst. Atty. Gen., Nashville, for defendant-appellant; William M. Leech, Jr., Atty. Gen., of counsel.

William H. Bell, Greeneville, for plaintiff-appellee.

## OPINION

BROCK, Justice.

The plaintiff, Dennis Mark Collins, filed this proceeding for post conviction relief from his conviction for second degree murder and sentence of imprisonment for 20 years in the penitentiary. He asserts that he was denied effective assistance of counsel in that his privately retained attorney failed to advise him, following the verdict finding him guilty of second degree murder, that if he desired to appeal and were indigent he could have the services of a court appointed, state paid attorney to represent him on appeal of his conviction to the Court of Criminal Appeals. The trial court, after an evidentiary hearing, concluded that plaintiff was not entitled to post conviction relief and dismissed the petition. The trial court found from the evidence that the petitioner had knowingly and voluntarily waived his right to seek a new trial and to appeal his conviction because of his satisfaction with the punishment received, which was the minimum punishment established by law for second degree murder, and, therefore, that there was no occasion to inform him that he could have the services of a state paid attorney to handle an appeal.

Plaintiff appealed the judgment of the trial court to the Court of Criminal Appeals which, in a two-to-one decision, reversed the trial court, holding that the failure of plaintiff's trial attorney to inform him, following the verdict, that he could have the services of a state paid attorney to handle an appeal amounted to ineffective assistance of counsel. Accordingly, the Court of Criminal Appeals ordered that a delayed appeal of the conviction in the criminal case be allowed the plaintiff. We granted the State's application to review this judgment of the Court of Criminal Appeals.

■ In denying post conviction relief the experienced trial judge observed:

"After hearing the evidence myself, and all those in the courtroom that heard the evidence, as I remember, we were surprised at the verdict. It was pretty much believed that the defendant would be convicted of—probably would get the death penalty.

"Probably, if that case were tried ten times, nine times out of ten the defendant would have received the death penalty. The evidence was overwhelming and the circumstances were such that it was hard to understand how a verdict such as was rendered by the jury was justified. It seemed that it was either a case where the jury would have found the defendant guilty of murder in the first degree or not at all. That's really the way it was, and really it was, in my opinion the very excellent work of Mr. Stambaugh in the case that put the defendant where he is with only a twenty year sentence for second degree murder.

"Of course, second degree murder does carry also a life sentence. It there was a retrial, probabilities are that the defendant would receive a greater sentence. It was those considerations that primarily motivated, not only the lawyer, but his father, and the defendant, the petitioner

here, to voluntarily make a waiver of an appeal.

"The right to appeal was adequately explained. Perhaps we all failed—the Court and the lawyers, to advise him of his right to appointed counsel, but in the balance he understood that he had a right to appeal and without getting to that question he, under the circumstances in my opinion, voluntarily, understandably, intelligently and knowingly waived his appeal."

In our opinion the evidence presented to the trial court amply sustained his foregoing findings of fact and conclusions of law.

Rule 37(d), Rules of Criminal Procedure, in part, provides:

"Counsel for all defendants, whether indigent or not, who have a right to appeal from a judgment of conviction, shall either timely pray such appeal or file with the clerk during the time within which appeal could have been prayed a written waiver of appeal signed by the defendant. Such waiver of the right of appeal shall clearly reflect that the defendant was aware of the right and voluntarily waived it, and the same shall be subscribed to by counsel of record for the defendant."

Introduced into evidence in the instant case was a copy of a waiver of the right to appeal and to make a motion for a new trial which was signed by the defendant personally, by his father and by his attorney, Mr. Jim Stambaugh, as well as by the District Attorney General. This waiver was incorporated in an order which was also signed by the trial judge. The plaintiff admitted that he signed the waiver and order. He also admitted in his testimony that the possibility of a life sentence in the event he should be retried was a factor inducing him to waive his right of appeal from the criminal conviction. That the plaintiff waived his right to seek a new trial and to appeal because he was satisfied with the twenty year sentence he had received was also corroborated by the testimony of his father, Raymond Collins, and by his retained trial counsel, Mr. Jim Stambaugh.

■ Since the petitioner, following his conviction of second degree murder, and while he was advised and represented by his privately retained trial counsel, Mr. Stambaugh, voluntarily and knowingly waived his right to seek a new trial or to appeal his conviction for the reason that he was satisfied with the verdict and judgment and did not desire a new trial, there was no cause or occasion for anyone to advise him of his right to be represented on appeal by counsel furnished by the state in the event he were indigent. Therefore, it cannot amount to ineffective assistance of counsel that Mr. Stambaugh, his retained trial counsel, did not advise him that such a right existed.

■ It cannot be doubted that a criminal defendant has a statutory right to one level of appellate review. T.C.A., § 40–14–203. Moreover, that right is guaranteed by the Constitution of the United States. *Douglas v. People of State of California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). However, obviously, the law does not require an appeal of a conviction in a criminal case in the event the defendant, for reasons satisfactory to himself, desires not to have such an appeal. Such is the case now before the Court. A voluntary and knowing waiver of the right to appeal must, necessarily, also waive the right to counsel to handle such an appeal.

We realize that the availability of state paid counsel to represent an indigent defendant upon appeal could be a factor in determining whether or not to elect to take such an appeal, but, there is absolutely no evidence whatever in this case that the defendant desired such an appeal; in fact, all the evidence is to the contrary.

We find no error in the judgment of the trial court dismissing this proceeding for post conviction relief and, accordingly, we reverse the judgment of the Court of Appeals and affirm that of the trial court.

Costs incurred upon appeal are taxed against the prisoner.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.