IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 11, 2001

## VINSON TAYLOR v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Dyer County**
**No. C99-148     Lee Moore, Judge**

_____

**No. W2000-01991-CCA-R3-PC  - Filed May 3, 2001**

_____

This is an appeal from the denial of post-conviction relief.  Petitioner pled guilty to selling cocaine over 0.5 grams and received a sentence of eight years.  He contends the trial court erred in denying his petition for post-conviction relief, alleging (1) ineffective assistance of trial counsel leading to his guilty plea, (2) an involuntary guilty plea, and (3) failure of trial counsel to perfect an appeal of the sentence.  We affirm the post-conviction court with regard to the validity of the guilty plea; however, we grant a delayed appeal based upon trial counsel's failure to take any action regarding an appeal of the sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part;**
**Reversed in Part; and Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

C. Michael Robbins, Memphis, Tennessee (on appeal); Jim W. Horner, District Public Defender; and H. Tod Taylor, Assistant District Public Defender, Dyersburg, Tennessee (at hearing), for the appellant, Vinson Taylor.

Paul G. Summers, Attorney General and Reporter; Laura E. McMullen, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

        Petitioner was sentenced to a term of eight years incarceration based upon his guilty plea to the offense of selling cocaine over 0.5 grams.  He timely filed a petition for post-conviction relief which was denied by the post-conviction court.  He presents the following issues for our review: (1) whether he received ineffective assistance of trial counsel leading to his guilty plea; (2) whether his guilty plea was knowingly and voluntarily entered; and (3) whether his trial counsel was

ineffective in failing to perfect an appeal. We reverse in part and grant the petitioner a delayed appeal of his sentence, but affirm the trial court in all other respects.

## BACKGROUND

On June 23, 1999, petitioner entered a plea of guilty to the sale of cocaine over 0.5 grams, a Class B felony, with the trial court to determine the sentence. It was further agreed that the state would recommend the minimum sentence of eight years. On July 23, 1999, the trial court, after a sentencing hearing, imposed an eight-year sentence and denied alternative sentencing. The sentence ran consecutively to a prior sentence for which the petitioner was on parole at the time of commission of the offense. Trial counsel did not perfect an appeal relating to the sentence.

On April 14, 2000, petitioner timely filed a petition for post-conviction relief, which was denied by the post-conviction court. He contends that his trial counsel was ineffective in failing to properly consult with him, erroneously advising him as to possible punishment and probation, and failing to advise him that the sentence had to run consecutively to his parole violation. He further contends his guilty plea was involuntary, and the inability of the court reporter to produce the guilty plea transcript makes it impossible to conclude his plea was voluntary. Finally, he alleges trial counsel failed to take proper steps to appeal his sentence.

## POST-CONVICTION HEARING

At the beginning of the post-conviction hearing, the district attorney general announced that, in spite of his efforts, he had been unable to determine which court reporter took the petitioner's guilty plea. Accordingly, the guilty plea transcript was unavailable.

The petitioner testified at the post-conviction hearing that his attorney never came to see him, and he only talked to him twice on the telephone prior to entry of the guilty plea. He testified that he viewed the videotape of the alleged drug transaction just prior to the entry of the plea. However, he testified he pled guilty because his attorney told him he would receive a suspended six-year sentence, yet faced the possibility of a twenty-year sentence if he went to trial. He further testified that his efforts to contact his trial attorney to file an appeal of the sentence were unsuccessful.

On cross-examination, the petitioner acknowledged that he had been served with a parole revocation while at jail and knew there would be a hearing to revoke his parole. He further acknowledged that at the time of the guilty plea the judge advised him that there was no agreed sentence, and the sentence would be determined by the judge.

Petitioner's girlfriend and his mother testified that they tried to contact trial counsel regarding an appeal. Both testified that trial counsel would not return their phone calls.

Trial counsel testified that the original offer of the state was for ten years and if the offer was rejected, the state would file a Range II notice. He had no recollection of discussing the possibility of a twenty-year Range II sentence with the petitioner. Trial counsel viewed the video of the alleged drug transaction prior to the day of the plea and believed the petitioner would easily be convicted. Therefore, he discussed the plea with the petitioner, including the state's agreement to recommend no more than the minimum eight-year sentence, and reviewed the guilty plea form with petitioner prior to entry of the plea. He categorically denied telling the petitioner at the time of the plea that he faced anything other than an eight to twelve-year sentence, or that he promised the petitioner that he would receive probation. Trial counsel stated that petitioner "was in agreement with me, based on the videotape and other evidence in this matter, that he would be convicted if he went to trial." Trial counsel believed the guilty plea was in the petitioner's best interest.

Trial counsel further stated that he intended to argue for alternative sentencing and concurrent sentencing with regard to the parole violation. He further conceded that he had not noticed that the two prior felony offenses were committed on the same date and would, therefore, not make the petitioner eligible for Range II sentencing. Our examination of the sentencing hearing transcript reveals that trial counsel argued vehemently for alternative sentencing.

Finally, trial counsel stated that he was not retained for appellate purposes and did not consult with the petitioner concerning an appeal. According to trial counsel, it was his policy not to appeal a case that he felt had no merit. Trial counsel "felt absolutely no valid reason to appeal this man's decision."

## POST-CONVICTION COURT'S FINDINGS

At the conclusion of the post-conviction hearing, the post-conviction court issued extensive oral findings of fact and conclusions of law. The court first determined that the absence of the guilty plea transcript did not necessitate setting aside the guilty plea. The trial court found that, although it had not been raised as an issue, the petitioner had been advised of all of his constitutional rights by trial counsel prior to entering the plea and had executed a plea form acknowledging his understanding of these rights. The trial court found the plea to be voluntary.

Although unimpressed with trial counsel's lack of communication with the petitioner prior to the plea, the post-conviction court found trial counsel was not ineffective. Specifically, the trial court noted that trial counsel did talk with the petitioner by phone, conducted proper discovery, reviewed the videotape of the alleged drug transaction prior to the plea, reviewed the video with the petitioner prior to the plea, properly discussed sentencing and the range of punishment with the petitioner, and secured the state's recommendation for the minimum eight-year sentence. The court further noted that it

> "was crystal clear from both Mr. Vinson Taylor and from [trial counsel] that the videotape was going to be enough to obtain a conviction, and there just simply is no prejudice that's been shown, if, in fact, there was a deficiency on the part of [trial counsel]."

The trial court concluded that trial counsel properly advised the petitioner; no prejudice was shown; and petitioner had not established ineffective assistance of counsel.

## INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

The test in Tennessee to determine whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Burns, 6 S.W.3d 453, 462 (Tenn. 1999). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).

In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Burns, 6 S.W.3d at 461. The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge.

Henley, 960 S.W.2d at 578-79; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Burns, 6 S.W.3d at 461. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley, 960 S.W.2d at 579.

## B. Analysis

With regard to the contradictory testimony between the petitioner and trial counsel as to statements made by trial counsel prior to the plea, it is apparent that the trial court accredited the testimony of trial counsel. The evidence does not preponderate against this finding. Thus, petitioner has not established that his trial counsel promised him a six-year suspended sentence upon the plea of guilty.

The trial court's findings that trial counsel sufficiently conferred with petitioner, sufficiently conducted discovery and appropriately suggested that petitioner plead guilty upon the state's recommendation of the minimum eight-year sentence are likewise supported by the record. Although the trial court did not address whether trial counsel was deficient in failing to recognize that consecutive sentencing was mandatory, petitioner has not established prejudice. Petitioner acknowledged in his testimony that he was aware of the parole revocation and has not established that concurrent sentencing was a condition of his guilty plea. *See* Hill, 474 U.S. at 59, 106 S. Ct. at 370.

In summary, the evidence does not preponderate against the findings of the trial court. Accordingly, we conclude that petitioner has not met his burden of establishing that ineffective assistance of counsel led to his plea of guilty.

## VOLUNTARY PLEA

Petitioner next contends his guilty plea was not knowingly and voluntarily made. Specifically, petitioner insists that the absence of the guilty plea transcript makes it impossible for the court to conclude "that the plea inquiry was conducted in accordance with State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977)."

Our examination of the record reveals that there was no Mackey or Boykin claim made at the post-conviction hearing. *See* Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (waiver of right against self-incrimination, right to confront witnesses, and right to jury trial cannot be presumed from a silent record). Petitioner did not claim at the post-conviction hearing that he did not understand he was waiving these constitutional rights, but rather claimed his plea was involuntary due to the erroneous advice of counsel. Since an appellant cannot change theories from the trial court to the appellate court, this issue is waived. State v. Dooley, 29 S.W.3d 542, 549 (Tenn. Crim. App. 2000). Furthermore, having previously determined that petitioner is not entitled

to relief based upon his allegations of ineffective assistance of counsel leading to his guilty plea, petitioner has not established that his guilty plea was involuntary.

Although the post-conviction court noted that the issue had not been raised, the trial court found the guilty plea to be voluntary under Boykin based upon the testimony introduced at the post-conviction hearing. The evidence supports this finding. Thus, even if the issue were not waived, petitioner would not be entitled to relief.

## FAILURE TO SEEK APPEAL

It is undisputed that trial counsel made no effort to discuss with the petitioner an appeal of the sentence. It is further undisputed that trial counsel took no steps to file a waiver of appeal or to perfect an appeal.

Trial counsel's obligation to a defendant and the court does not terminate simply because counsel has not been retained for appeal, or because counsel unilaterally determines the appeal will have no merit. A defendant has a statutory and constitutional right to one level of appellate review. Collins v. State, 670 S.W.2d 219, 221 (Tenn. 1984). Defense counsel has an affirmative duty to advise his or her client of the right to appeal a sentence, and the failure to do so constitutes deficient performance. Reginald Hendrix v. State, C.C.A. No. 01C01-9708-CR-00343, 1998 WL 707802 (Tenn. Crim. App. filed October 9, 1998, at Nashville).

We further reject the state's argument that petitioner has not established prejudice since an appeal would be "frivolous." Prejudice is presumed when there is a complete denial of the assistance of appellate counsel. Penson v. Ohio, 488 U.S. 75, 86, 109 S.Ct. 3346, 102 L. Ed. 2d 300 (1988); Reginald Hendrix, 1998 WL 707802, at *2. We also question whether an appeal of this sentence would, in fact, be "frivolous." *See* Tenn. Ct. Crim. App. R. 22(B) (discussing the "frivolous" standards). Counsel is not at liberty to terminate his or her obligation to the defendant and/or the court upon counsel's opinion that an appeal will be unsuccessful.

"Counsel for all defendants. . . who have a right to appeal from a judgment of conviction, shall either timely file such notice of appeal or file with the clerk during the time within which the notice of appeal could have been filed, a written waiver of appeal signed by the defendant." Tenn. R. Crim. P. 37(d). An attorney retained for trial only, and not upon appeal, shall timely advise the trial court of this fact and will be permitted to withdraw. Tenn. R. Crim. P. 37(e). However, failure to file a written waiver of appeal does not render the judgment invalid as long as the record clearly and unambiguously shows that the defendant knew of his right to appeal and intended to waive it. *See* Dale M. Jenkins v. State, C.C.A. No. 01C01-9405-CR-00156, 1995 WL 218500 (Tenn. Crim. App. filed April 13, 1995, at Nashville); *see also* Rainer v. State, 958 S.W.2d 356, 357 (Tenn. Crim. App. 1997). Furthermore, counsel has an affirmative obligation to determine whether a client seeks an appeal, even if it relates only to the sentence. Maurice Lydell Purdy v. State, C.C.A. No. 02C01-9807-CC-00211, 1999 WL 188177 (Tenn. Crim. App. filed April 7, 1999, at Jackson). Where

ineffective assistance of counsel results in the loss of the right to appeal, a delayed appeal may be granted by post-conviction relief. *See* Tenn. Code Ann. § 40-30-213(a).

In the instant case, petitioner has been denied the right to seek appellate review of his sentence. As a practical matter, we realize that petitioner received the minimum sentence; thus, it would appear that the only viable appellate issue is whether or not the trial court erred in denying alternative sentencing. We voice no opinion as to the merits of such an appeal.

Accordingly, this case is remanded to the trial court to enter an order granting the petitioner a delayed appeal, at which time the petitioner's time for appeal will begin to run.

## CONCLUSION

The judgment of the post-conviction court relating to the validity of the guilty plea is affirmed; however, the case is remanded for entry of an order granting a delayed appeal of the sentence.

_____
JOE G. RILEY, JUDGE