IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1999 SESSION


FILED

April 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

MAURICE LYDELL PURDY,                )
                                     )
    Appellant,                   )   C.C.A. No. 02C01-9807-CC-00211
                                     )
v.                                   )   Obion County
                                     )
STATE OF TENNESSEE,                  )   Honorable William B. Acree, Jr., Judge
                                     )
    Appellee.                    )   (Post-Conviction Relief)


FOR THE APPELLANT:              FOR THE APPELLEE:

David L. Hamblen                John Knox Walkup
303 West Church Street          Attorney General & Reporter
Union City, TN  38261           425 Fifth Avenue North
                                Nashville, TN  37243-0493

                                Douglas D. Himes
                                Assistant Attorney General
                                425 Fifth Avenue North
                                Nashville, TN  37243-0493

                                Thomas A. Thomas
                                District Attorney General
                                121 West Main Street
                                Dresden, TN  38225-0218

                                James T. Cannon
                                Assistant District Attorney General
                                414 South Fourth Street
                                Union City, TN  38281-0218


OPINION FILED: _____


REVERSED AND REMANDED


JAMES C. BEASLEY, SR., SPECIAL JUDGE


# **O P I N I O N**

The petitioner, Maurice Lydell Purdy, appeals from the trial court's denial of his petition for post-conviction relief. Petitioner states three issues: (1) whether the petitioner received effective assistance of counsel, (2) whether counsel for the petitioner complied with Rule 37, Tenn. R. Crim. P., and (3) whether counsel's failure to appeal or obtain a written waiver of appeal constituted ineffective assistance of counsel. The actual relief sought is a delayed appeal pursuant to Tenn. Code Ann. § 40-30-213(a)(3). From our review, we find that the trial court erred in denying the delayed appeal.

On Sunday, June 23, 1996, the petitioner shot and killed Demetrius Davis. The shooting occurred in the yard of the victim's home. Davis was shot once in the wrist and three times in the back. Petitioner admitted the shooting and stated that Davis had beat petitioner's mother and dared him to do something about it. The altercation between Demetrius Davis and the petitioner's mother occurred on the previous Wednesday. The next day Davis kicked petitioner's sister in the face.

The only issue at trial was the degree of homicide. The prosecution pressed for first degree murder, and the defense sought a reduction to voluntary manslaughter. On February 25, 1997, the jury returned its verdict finding petitioner guilty of murder in the second degree.

Beginning at the minimum sentence of fifteen years for a Range I, standard offender, the trial judge applied three enhancement factors and one mitigating factor and imposed a nineteen-year sentence.

The petitioner was represented by Public Defender Joseph P. Atnip. No motion for new trial was filed, nor was an appeal perfected. On January 26, 1998, the petitioner filed a pro se petition for post-conviction relief alleging, inter alia, that, due to ineffective assistance of counsel, he was denied the right to appeal. Post-conviction counsel was appointed, and an evidentiary hearing was held on June 12, 1998.

At this hearing, the petitioner testified that Public Defender Joseph Atnip represented him at the trial and sentencing hearing. Subsequent to sentencing, the petitioner was moved to the Mark Luttrell Reception Center in Memphis. The petitioner admitted that, while at the Reception Center, he received a letter dated May 13, 1997 from his attorney which stated:

> Dear Maurice:
>
> You have a right to appeal your case to the Court of Appeals in Jackson. If we do appeal, we must do so before May 24, 1997.
>
> I sincerely believe that appealing your case will not help you and might possibly hurt you. If we appeal your case, we would essentially be asking for a new jury trial. In my opinion, you received a good and fair jury trial. Furthermore, we got in all the evidence we wanted to get in and I don't see what we would appeal. An appeal is primarily to correct legal errors that were made by the Judge during the course of the trial and there were very few, if any, legal errors made by the Judge during your trial.
>
> Furthermore, while not likely, it is possible that the Court of Appeals could increase the number of years which you were given and it is possible if by some chance you were awarded a new trial the Judge could give you more than nineteen years.
>
> In other words, I just do not see how the trial could have gone better than it did and it could go worse. For those reasons and others, my advice is not to appeal your case. If you are still in Lake County, I will be over shortly to visit you and explain this in greater detail with you.
>
> Very truly yours,
>
> /s/ Joseph P. Atnip

Although he could tell from the letter that Mr. Atnip did not want to appeal the case and would not do so unless he heard from him, petitioner made no attempt to contact his attorney. Petitioner said he could not use the phone and stated, "I could have probably wrote somebody but I didn't have any address at the time." Petitioner said he discussed the letter with one of the officers, who told him to get in touch with his counselor. He could not do so, because he was not assigned a counselor until after the time had run for an appeal. Petitioner further testified that he had disagreed with his attorney's thoughts about appealing when he got the letter and still wanted to appeal in spite of the possibility of receiving "more time."

Mr. Atnip testified that it is the general practice of the Public Defender's office to: (1) advise a defendant that he has the right to appeal; (2) advise the defendant of his chances on appeal; and (3) determine whether the defendant wishes to appeal. If the defendant does not express any indication whether to appeal, the default position is generally to appeal, "but here we had an interest in not appealing it." Counsel explained that he felt the trial judge had erroneously started at a presumptive sentence of fifteen years rather than at twenty years as required by Tenn. Code Ann. § 40-35-210(e). He was concerned that on resentencing his client could receive an additional five years as punishment.

Mr. Atnip described his discussion with the petitioner just prior to the sentencing hearing as follows:

Q. At that time, what did you tell Mr. Purdy?

A. I said, "Regardless of what happens here today, you know you've got a right to an appeal. You've got a right to appeal what the jury did and also whatever the Judge does as far as your sentence is concerned."

Q. And did you get any input from him at that time as to what he thought he wanted to do?

A. No, he did not respond at all.

Q. The sentencing hearing was held on what day? April 25th, according to the transcript.

A. As a matter of fact, on that day, I had a waiver of appeal ready for him to sign had he told me what he wanted to do, had he indicated he didn't want to appeal, and he did not make any response. He just sat there. So, after awhile, I went on to another subject.

Q. You said you had a waiver of appeal already prepared?

A. Yes, sir.

Q. What did that waiver of appeal say?

A. It's just a typical one, that I waive my right to appeal, etc.

Q. Did you read that to him, or give it to him?

A. No, I didn't.

Mr. Atnip further testified that he was aware that, as public defender, he was obligated to appeal if the convicted defendant wanted to appeal. In lieu of the filing of a notice of appeal, he was required to file a written waiver of appeal signed by the defendant.

After advising the petitioner on two occasions of his right to appeal and getting no response, Mr. Atnip concluded that if he were to drive to Memphis and speak with petitioner in person, the petitioner would not make up his mind but would leave the decision on whether or not to appeal up to his attorney, just as he had done on most other issues. Thus, when he received no response to the letter, Attorney Atnip assumed that his client wanted him to make the decision concerning an appeal. He did not file an appeal because he believed his client was more likely to be hurt than helped by an appeal.

Tennessee Code Annotated § 40-14-202 provides for appointment of counsel for indigent defendants. Any attorney appointed to represent any person under this provision shall proceed to counsel with and represent such person at all stages of the proceedings before the court which appointed him, and also upon any appeal from the judgment of such court which imposes a prison sentence. Tenn. Code Ann. § 40-14-203.

Our Supreme Court has held, however, that the law does not require an appeal of a conviction in a criminal case in the event the defendant, for reasons satisfactory to himself, desires not to have such an appeal. A voluntary and knowing waiver of the right to appeal must, necessarily, also waive the right to counsel to handle such an appeal. Collins v. State, 670 S.W.2d 219, 221 (Tenn. 1984).

Rule 37(d), Tennessee Rules of Criminal Procedure, in part, provides:

> Counsel for all defendants, whether indigent or not, who have a right to appeal from a judgment of conviction, shall either timely file such notice of appeal or file with the clerk during the time within which the notice of appeal could have been filed, a written waiver of appeal signed by the defendant. Such waiver of the right of appeal shall clearly reflect that the defendant was aware of the right and voluntarily waived it.

Failure to file a written waiver of appeal does not render a judgment invalid if the record clearly and unambiguously shows that the defendant knew of his right to appeal and intended to waive that right. Reginald Hendrix v. State, No. 01C01-9708-CR-00343, 1998 WL 707802 (Tenn. Crim. App., Nashville, October 9, 1998).

In denying relief, the post-conviction court held that the petitioner had been fully advised and was aware of his right to appeal. The record amply supports that finding. We likewise agree with the trial court's ruling that the written waiver requirement of Rule 37(d) is not of constitutional dimension and therefore is not cognizable in a post-conviction proceeding. We must, however, disagree with the court's finding that the petitioner is not entitled to a delayed appeal under Tenn. Code Ann. § 40-30-213.

Clearly under our law, a defendant has a statutory right to one level of appellate review. Moreover, that right is guaranteed by the Constitution of the United States. Collins, 670 S.W.2d at 221 (citing Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974)).

A delayed appeal is authorized by Tenn. Code Ann. § 40-30-213 (1995) if the petitioner was denied his right to appeal from his original conviction in violation of the United States Constitution and the Tennessee Constitution. The proper vehicle for obtaining a delayed appeal is the Post-Conviction Procedure Act. See Handley v. State, 889 S.W.2d 223, 224 (Tenn. Crim. App. 1994). If the trial court denies a delayed appeal, that decision is subject to review by this Court. State v. Wilson, 530 S.W.2d 766 (Tenn. 1975).

We have previously observed that, under this record, it is obvious that the petitioner was fully aware of his right to appeal his conviction. The question before us is whether the record supports the trial court's finding that petitioner waived that right. Stated another way, can the waiver be based upon inaction on the part of the petitioner?

This Court has affirmed the trial court's finding of waiver, absent a written waiver, where the proof established that the defendant told his attorney not to appeal. Rainer v. State, 958 S.W.2d 356 (Tenn. Crim. App. 1997).

On the other hand, this Court has reversed the trial court and granted a delayed appeal where there was no written waiver of appeal, and there was no clear understanding between counsel and client regarding the appeals process. In doing so, the Court stated, "In our view, there is an affirmative obligation on the part of counsel to determine whether a client seeks an appeal, even if it relates only to the sentence." Michael S. Hurt v. State, No. 01C01-9207-CC-00213, 1993 WL 39751, at *3 (Tenn. Crim. App., Nashville, February 18, 1993); see also Vernon Beard v. State, No. 01C01-9607-CC-00324, 1997 WL 688997, at *2 (Tenn. Crim. App., Nashville, November 5, 1997).

In the instant case, the trial court found the petitioner chose not to exercise his right of appeal. While it is true that the record fails to establish any affirmative act on the part of the petitioner to pursue his appeal, there is no substantive evidence that he waived the right to appeal. He gave his attorney no instruction either way. At best, the proof shows that if the petitioner made a decision as to whether or not to appeal, he did not make that decision known to his attorney. Likewise, the record fails to demonstrate a delegation of authority to counsel to make that decision. Absent that express authority, the unilateral decision of the attorney not to appeal resulted in the denial of petitioner's constitutional right to appeal.

We do not question the good faith of Public Defender Atnip in doing what he thought was in the best interest of his client by not appealing. Given the petitioner's history of indecisiveness and dependence upon his attorney for decision-making, it is understandable that Mr. Atnip felt the decision on appeal was left up to him.

The record does not show that petitioner definitely waived his right to appeal and, therefore, we find that the evidence preponderates against the judgment of the trial court

in denying a delayed appeal. Accordingly, this cause is remanded to the trial court to allow petitioner to file a motion for new trial and pursue a direct appeal of the judgments of conviction and sentence in accordance with the time limitations set forth in Tenn. Code Ann. § 40-30-213.

-8-

_____
JAMES C. BEASLEY, SR., SPECIAL JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
JOE G. RILEY, JUDGE