# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 2, 2011 Session

## TIMOTHY WATSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Dyer County**
**No. C05-437     R. Lee Moore, Judge**

---

**No.  W2010-02674-CCA-R3-PC  - Filed November 18, 2011**

---

Petitioner, Timothy "Tink" Watson, was indicted by the Dyer County Grand Jury in October of 2005 for two counts of sale of more than .5 grams of cocaine.  Petitioner represented himself at trial and was convicted by a jury of one count of sale of more than .5 grams of cocaine.[1]  After a sentencing hearing, Petitioner received a fifteen-year sentence as a Range II, multiple offender.  Petitioner filed several pleadings referred to as "amended" motions for new trial after a hearing.  The trial court denied the motions.  Petitioner subsequently pled guilty to five subsequent indictments through a plea agreement that included a waiver of his right to appeal the felony drug conviction from the October 2005 indictment.  Petitioner then sought pro se post-conviction relief.  After counsel was appointed, an amended petition was filed.  The trial court held a hearing on the petition.  It was dismissed after a hearing by the post-conviction court because it was untimely and because Petitioner had waived his claims by his plea agreement.  Appellant appeals this decision.  After a review, we determine that the petition was untimely and, therefore, properly dismissed by the post-conviction court.  However, the record fails to include a judgment form for Count One of the indictment.  Accordingly, the judgment of the post-conviction court is affirmed, but the matter is remanded to the trial court for entry of a judgment form for Count One of the indictment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Charles S. Kelly, Sr., Dyersburg, Tennessee, for the appellant, Timothy Watson.

---

[1]The record does not reflect the resolution of Count One of the indictment.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

The procedural history of this case is both lengthy and convoluted. However, a full discussion and explanation is necessary to facilitate our review of the issues presented in this appeal.

Petitioner was indicted by the Dyer County Grand Jury in October of 2005 for two counts of selling more than .5 grams of cocaine. The charges arose after two controlled buys took place between Petitioner and a confidential informant. Petitioner filed a motion to dismiss the indictments, claiming that he was residing in Indiana at the time of the offenses.

On January 15, 2009, the matter proceeded to trial. Petitioner represented himself at trial.[2] The trial court appointed elbow counsel to assist Petitioner during trial. Petitioner did not present any proof at trial. The jury found Petitioner guilty in Count Two of the sale of more than .5 grams of cocaine on January 15, 2009. Petitioner was sentenced to fifteen years as a Range II, multiple offender. As noted previously, the record on appeal does not contain a judgment form for Count One of the indictment. The judgment form for Count Two was entered on April 24, 2009, and reflected that Petitioner pled guilty to the offense.

On January 22, 2009, Petitioner sent a letter to the trial court asking for a new attorney. On February 5, 2009, the trial court denied the motion and instructed counsel who served as elbow counsel at trial to proceed with "the sentencing hearing, any motion for new trial, and any appeal, if necessary."

On April 24, 2009, Petitioner sent a letter to the trial court. In the letter, Petitioner stated that his retained attorney, a different attorney than the attorney who was appointed elbow counsel for Petitioner at trial, had "run off with his money" and would "not represent [him] in a motion for new trial" or "return [his] case file." Petitioner asked for new counsel to be appointed and "possibly . . . an extension to allow [new] counsel time to prepare." Petitioner asked the trial court to appoint counsel "for [his] motion for a new trial."

---

[2] Apparently, at some point during the pendency of the case, there was a hearing about whether Petitioner should be permitted to represent himself at trial. During the hearing, a lengthy discussion purportedly took place between Petitioner, his attorney, and the trial court. During the pendency of the post-conviction proceedings at issue herein, the parties stipulated that the transcript of this hearing was lost.

Petitioner also asked the trial court to "consider an extension to allow [his] counsel time to prepare."

A corrected judgment was entered on May 19, 2009. The corrected judgment changed the date of entry of the judgment from April 21, 2009, to May 19, 2009. The corrected judgment still reflected that Petitioner pled guilty to the offense.

On July 16, 2009, Petitioner filed a pro se "Amended Motion for New Trial."

On January 8, 2010, Petitioner filed a "Motion for Entry of Additional Corrected Judgment." Petitioner asked the trial court to amend the judgment to reflect that he was found guilty by a jury.

On February 2, 2010, Petitioner filed a motion to "Allow Amendments to Petitioner's Motion for New Trial." Attached to this motion was a document purporting to be the "Third Amendment" to the motion for new trial.

The trial court entered a corrected judgment on March 9, 2010, to reflect that Petitioner was found guilty by a jury. On March 12, 2010, the trial court entered another corrected judgment to reflect that Petitioner's trial was conducted on January 15, 2009, rather than January 14, 2009.

On March 9, 2010, the trial court held a hearing on the various motions. The trial court entered an order on March 12, 2010. In the order, the trial court determined that the document filed on April 24, 2009, in which Petitioner requested new counsel and an extension of time for filing a motion for new trial was not, in fact, a motion for new trial. Instead, the trial court determined that the July 15, 2009, document entitled "Amended Motion for New Trial" was the first motion for new trial filed by Petitioner and was untimely. Despite the untimely nature of the motion for new trial and following amendments, the trial court ruled on the merits, ultimately determining that Petitioner was not entitled to relief.

On June 15, 2010, Petitioner filed a pro se petition for post-conviction relief. In the petition, Petitioner alleged, among other things, that he received ineffective assistance of counsel and that his conviction was based on "the unconstitutional failure of the prosecution to disclose to defendant evidence favorable to defendant."

On June 29, 2010, Petitioner pled guilty to five charges from a separate indictment. As part of that plea agreement, Petitioner executed a waiver of appeal for the case at issue herein, stating that he "d[id] not desire to appeal his case to the Court of Criminal Appeals

or the Supreme Court of Tennessee."[3]  Because there was already an appeal pending, Petitioner indicated his understanding was that the appeal would be dismissed.  Upon Petitioner's motion to voluntarily dismiss his appeal this Court dismissed his appeal on July 22, 2010.

Counsel was appointed for Petitioner for the post-conviction proceeding and an amended petition was filed on August 17, 2010.  At one of the hearings held prior to the decision on the petition, Petitioner testified that he never would have waived his right to appeal the original conviction had he known the consequences of the lost transcript.[4]  Petitioner also acknowledged he waived his right to any post-conviction ineffective assistance of counsel claim against the trial counsel who failed to advise Petitioner as to the effect of the lost transcript.

On October 5, 2010, the trial court held a hearing on the petition for post-conviction relief.  In an order, the trial court determined that Petitioner "repeatedly insisted on representing himself" and "could not get along with any attorney appointed to represent him."  The trial court found that Petitioner knowingly waived his right to an attorney and, therefore, has no claim for ineffective assistance of counsel.  Additionally, the court noted:

> He has also failed to carry his burden of proof to establish ineffective assistance of counsel or any prejudice.  At the close of the trial in this case, defendant asked that his advisory counsel be allowed to make closing arguments. [Advisory Counsel] made closing arguments.  The defendant then agreed to have [Advisory Counsel] proceed with sentencing and appeal.  Thereafter, he again became upset with [Advisory Counsel] and employed his own attorney to represent him. [Retained Attorney] . . . appeared for sentencing after having the sentencing hearing continued.  Since [Retained Attorney] made an appearance in the case on the record, [Advisory Counsel] had no obligation to file a Motion for New Trial or proceed with an appeal. The Court finds defendant's retained counsel failed to file a Motion for New Trial following his sentencing.  Defendant then filed a Motion for New Trial

---

[3] At this hearing, both sides indicated that the transcript from the hearing during which Petitioner was advised of the perils of proceeding pro se at trial could not be located.  Prior to the execution of the waiver, the trial court cautioned Petitioner that the lost transcript could provide him with a successful appeal.  The parties subsequently entered a document into the technical record in which they explained that the transcript was lost.

[4] Discussions during the hearing indicated that Petitioner's case would likely have been reversed had he appealed the original judgment and merely shown that there was no transcript wherein there was proof that the trial court properly advised him of the risks associated with proceeding pro se. *See State v. Small*, 988 S.W.2d 671 (Tenn. 1999).

on July 15, 2009. The motion was not timely filed and could not be considered by the Court. Defendant was, however, granted a delayed appeal. [An attorney] was appointed to represent him on appeal. This appeal was in process at the time defendant chose to enter a plea of guilty in his other five pending cases. As part of his guilty plea, he waived his right to pursue an appeal in this case. . . . The Court further finds that defendant's Petition for Post-Conviction Relief was not timely filed pursuant to T.C.A. § 40-30-102. The filing of an amended judgment on March 9, 2010, correcting a typographical error did not toll or extend the statute of limitations. The defendant has failed to establish any of the exceptions for tolling the statute of limitations.

As a result, the court denied the petition for post-conviction relief. Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner insists that his petition for post-conviction relief is not barred by the statute of limitations because the trial court entered an amended judgment form on March 9, 2010, essentially extending the statute of limitations. Petitioner then filed his petition for post-conviction relief on June 15, 2010, "well within the [one-year] statute of limitations" set forth in Tennessee Code Annotated section 40-30-102. Petitioner also insists that he received ineffective assistance of counsel because his retained counsel failed to file a motion for new trial. Finally, Petitioner argues that he was prejudiced by the loss of the transcript of the record of the hearing during which he made the decision to represent himself at trial. The State, on the other hand, insists that the petition was properly dismissed as untimely. In the alternative, the State argues that Petitioner failed to show clear and convincing evidence that he received ineffective assistance of counsel. Finally, the State contends that Petitioner waived any claim regarding "the trial court's determination that the Petitioner waived his right to counsel at trial" by executing the waiver of appeal in conjunction with the plea agreement.

Under the Post-conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). Unless one of the enumerated exceptions applies, a court does not have jurisdiction to consider an untimely petition. *See* T.C.A. § 40-30-102(b). Tennessee Code Annotated section 40-30-102(b) lists the exceptions to the statute of limitations as situations where: (1) "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as

existing at the time of trial, if retrospective application of that right is required;" (2) "[t]he claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted;" or (3) "[t]he claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid."

In the present case, the post-conviction court properly determined that the petition was filed more than one year after the date of the final action by the highest court to which an appeal was taken and thus well outside the statute of limitations. In the case herein, the judgment became final on May 24, 2009, thirty days after the judgment was entered on April 24, 2009. We note that the trial court's authority to amend the judgment order derived from Rule 36 of the Tennessee Rules of Criminal Procedure, as the improper date of sentencing, the improper date of trial, and the indication that Petitioner "pled guilty" were all merely clerical errors, and did not extend the statute of limitations as would a corrected judgment. *See Dennis J. Rountree v. State*, No. M2008-02527-CCA-R3-PC, 2009 WL 3163132, at \*2 (Tenn. Crim. App., at Nashville, Oct. 2, 2009). The petition for post-conviction relief was filed on June 15, 2010, more than one year after the judgment became final. Additionally, we determine that the post-conviction court also properly held that Petitioner failed to show that one of the exceptions to the one-year deadline listed in the statute was applicable.

However, in addition to the exceptions set out in the statute, the courts in this State have found that due process concerns can toll the statute of limitations in certain factual situations. *See Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), the most recent in a line of cases including *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992) and *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995), the Tennessee Supreme Court analyzed situation where due process limitations toll the statute of limitations. In all three of these cases, our supreme court decided that the statute of limitations for post-conviction relief could be tolled in the factual situations presented. In *Burford*, the petitioner's sentence was enhanced by previous convictions that had subsequently been declared invalid, but not invalidated in time for him to meet the statute of limitations for filing his post-conviction petition. *Burford*, 845 S.W.2d at 208. Our supreme court stated that because the petitioner was in a procedural trap, the petitioner's due process rights would be violated by not allowing a tolling of the statute of limitations and the filing of a post-conviction petition. *Burford*, 845 S.W.2d at 208-09.

In *Sands*, our supreme court analyzed *Burford* and set out the basic rule derived from *Burford* and how to go about applying this rule in future cases. The supreme court stated:

> [I]t will be helpful to summarize the basic rule to be derived from *Burford*: that, in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the "final action of the highest state appellate court to which an appeal is taken"-or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run. In applying the *Burford* rule to specific factual situations, courts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the convictions process," *Burford*, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." *Id.* at 208.

*Sands*, 903 S.W.2d at 301 (footnote omitted). However, after going through this analysis, the supreme court concluded that the statute of limitations had not been tolled in the *Sands* situation.

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), the supreme court again held that the statute of limitations was tolled by the factual and legal situation of the petitioner. In *Williams*, there was some dispute over whether the petitioner's trial counsel continued to represent him and how much the petitioner actually knew about the progress of his appeals. The supreme court stated that the question was whether the petitioner had been "misled to believe that [his trial] counsel was continuing the appeals process . . . ." *Id.* at 471. The supreme court remanded the case to the trial court for it to determine whether the statute must be tolled due to possible attorney misrepresentation. *Id.* In other words, *Williams* "appears to limit claims of attorney misrepresentation tolling the statute of limitations to times when counsel has made misrepresentations directly related to filing a defendant's appeal." *Crawford v. State*, 151 S.W.3d 179, 184 (Tenn. Crim. App. 2004).

-7-

In the case herein, we agree that retained trial counsel probably made missteps in his representation of Petitioner, namely, that he failed to file a timely motion for new trial. However, we determine that due process does not require the tolling of the statute of limitations. By Petitioner's own admission, as evidenced by the letter he wrote to the trial court prior to the expiration of the time in which he was required to file a motion for new trial, he was aware of counsel's failure to file the motion and asked for an extension of time. Petitioner then filed a pro se untimely motion for new trial and the trial court held a hearing on the motion and denied relief despite lacking jurisdiction.[5]

Petitioner appealed the trial court's denial of the motion for new trial to this Court but later waived his right to appeal in conjunction with a guilty plea in a separate set of offenses. We note that a criminal defendant has the right to one level of appellate review. Tenn. R. App. P. 3(b); *Collins v. State*, 670 S.W.2d 219, 221 (Tenn. 1984). A defendant's waiver of this right to appeal must be made voluntarily. *See* Tenn. R. Crim. P. 37(d); *Collins*, 670 S.W.2d at 221. Further, the waiver should be reduced to writing in a document signed by the defendant, subscribed to by counsel, and clearly reflecting the defendant's awareness of the right to appeal and voluntarily waiving it. Tenn. R. Crim. P. 37(d). All of these steps were taken in the case herein.

When the waiver was executed, Petitioner had already filed his petition for post-conviction relief. However, the petition was filed more than one year from the date that the judgment became final. This Court has previously determined that mere lack of knowledge that a claim exists does not toll the statute of limitations. *See, e.g.*, *Joshua Jacobs v. State*, No. M2009-02265-CCA-R3-PC, 2010 WL 3582493 (Tenn. Crim. App., at Nashville, Sept. 15, 2010) *perm. app. denied*, (Tenn. Jan. 20, 2011) (determining that petitioner's lack of knowledge due to attorney abandonment of the case and ignorance of legal requirements did not require tolling of the statute of limitations). Our supreme court has concluded that the one-year statute of limitations provides a defendant a reasonable opportunity to raise post-conviction claims in a reasonable time and manner. *See State v. Seals*, 23 S.W.3d at 279; *see also Carothers v. State*, 980 S.W.2d 215, 217-18 (Tenn. Crim. App. 1997). Accordingly, we determine that Petitioner has filed an untimely petition for post-conviction relief. The post-conviction court properly denied the petition.

---

[5] A trial court has no jurisdiction to hear an untimely motion for new trial. Further, the trial court's "erroneous consideration [and] ruling on a motion for new trial not timely filed . . . does not validate the motion." *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997) (citing *State v. Dodson*, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989)).

*Conclusion*

Based upon our review of the record, we conclude that the petition for post-conviction relief was untimely. Therefore, we determine that the post-conviction court properly denied relief. Accordingly, the judgment of the post-conviction court is affirmed. However, because the record fails to include a judgment form for Count One of the indictment, we remand the matter to the trial court for entry of a judgment form for Count One.

_____
JERRY L. SMITH, JUDGE