# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
January 12, 2016 Session

## STATE OF TENNESSEE v. MARCUS ANTHONY ROBEY

### Appeal from the Circuit Court for Rutherford County
No. F69191C      Mitchell Keith Siskin, Judge

———————————————————

### No. M2015-00306-CCA-R3-CD – Filed August 25, 2016

———————————————————

Defendant, Marcus Anthony Robey, was convicted of aggravated robbery by a Rutherford County jury and was sentenced to thirty years. On appeal, Defendant argues that the trial court erred by failing to provide a supplemental jury instruction following a jury question during deliberations and that the evidence was insufficient to support his conviction. After a thorough review of the record, we determine that Defendant waived his right to appeal this conviction. Therefore, the appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

John C. Taylor, Murfreesboro, Tennessee (on appeal); and Kris Oliver, Howard Wilson, and Joe M. Brandon, Murfreesboro, Tennessee, (at trial) for the appellant, Marcus Anthony Robey.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Jennings Houston Jones, District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

Defendant was indicted by a Rutherford County Grand Jury in a multi-count indictment for aggravated robbery, evading arrest, criminal impersonation, and possession of a weapon by a convicted felon ("firearm charge"). The trial court ordered that the firearm charge would be heard in a bifurcated hearing following the verdict on the aggravated robbery, evading arrest, and criminal impersonation charges. Prior to

trial, Defendant pled guilty to evading arrest and criminal impersonation. He was sentenced to eleven months, twenty-nine days for evading arrest and six months for criminal impersonation. Defendant went to trial on the aggravated robbery charge on August 12-14, 2013, and he was found guilty as charged in the indictment. During the subsequent hearing on the firearm charge, Defendant and the State reached a plea agreement in which Defendant pled guilty to the firearm charge, and he agreed to a fifteen-year sentence. Pursuant to the plea agreement, Defendant's sentence for the firearm charge would be served concurrently to the sentence Defendant would receive for his aggravated robbery conviction. Defendant also agreed to waive his right to appeal all charges included in the indictment, including the aggravated robbery conviction. The sentences for evading arrest and criminal impersonation were also ordered to be served concurrently with the sentence for the aggravated robbery conviction.

Defendant filed a subsequent motion to withdraw his guilty plea on September 4, 2013, alleging that at the time of the guilty plea he was "not in [his] right frame of mind," that he did not understand he was losing his right to appeal his aggravated robbery conviction, and that he made a mistake with the guilty plea. *State v. Marcus Anthony Robey*, No. M2014-00773-CCA-R3-CD, 2015 WL 1648241, at *1 (Tenn. Crim. App. Apr. 13, 2015), *perm. app. denied* (Tenn. July 23, 2015). A hearing was held, and the trial court denied Defendant's motion. On appeal, this court affirmed the denial of Defendant's motion to withdraw his plea. *Id*. at *3-4. This court held:

> Defendant's sole factual basis for relief was that he understood his attorney say he was waiving his right to "appeal the indictment" and he thought this meant he was waiving his right to appeal only one count (the firearm charge) of the indictment.
>
> The findings of fact by the trial court could not have been more clearly stated. The findings of fact were that Defendant did not misunderstand the provisions of the guilty plea. And from the findings of fact it can only be concluded that Defendant knowingly, voluntarily, and understandingly entered his plea of guilty to the firearm charge.

While the first appeal was pending, the trial court held a sentencing hearing, and Defendant was ordered to serve thirty years for his aggravated robbery conviction.

**Analysis**

On appeal, Defendant argues that the trial court erred by failing to provide a supplemental jury instruction following a jury question during deliberations and that the evidence was insufficient to support his conviction for aggravated robbery. He further

"incorporates herein, by reference, all other grounds for relief set forth in the Second Amended Motion for New trial." We find that Defendant has waived his right to appeal his aggravated robbery conviction as part of his plea agreement.

Our Supreme Court has set forth:

> There is not a constitutional right to appeal, but where appellate review is provided by statute, the proceedings must comport with constitutional standards. *State v. Gillespie*, 898 S.W.2d 738, 741 (Tenn. Crim. App. 1994) (citations omitted). In Tennessee, a criminal defendant has the right to one level of appellate review. Tenn. R. App. P. 3(b) (2003); *Collins v. State*, 670 S.W.2d 219, 221 (Tenn. 1984). The law, however, "does not require an appeal of a conviction in a criminal case in the event the defendant, for reasons satisfactory to himself, desires not to have such an appeal." *Collins*, 670 S.W.2d at 221. Thus, a defendant may waive his right to appeal.

*Serrano v. State*, 133 S.W.3d 599, 604 (Tenn. 2004).

As part of his plea agreement, Defendant in this case agreed to waive his right to appeal all charges included in the indictment, including the charge of aggravated robbery, in exchange for his fifteen year sentence for the firearms charge to be served concurrently to his sentence for aggravated robbery. As noted elsewhere in this opinion, this court upheld the plea agreement, and Defendant's application for permission to appeal was denied by the Tennessee Supreme Court. Accordingly, we conclude that this appeal is dismissed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

3