IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 27, 2022

## STATE OF TENNESSEE v. BILLY WAYNE LOCKE

**Appeal from the Criminal Court for McMinn County
Nos. 2020-CR-175, 2020-CR-216   Andrew Freiberg, Judge**

_____

### No. E2021-00482-CCA-R3-CD

_____

The Defendant, Billy Wayne Locke, was convicted in two McMinn County Criminal Court bench trials of two counts of evading arrest while operating a motor vehicle, a Class E felony; driving while his license was revoked, a Class B misdemeanor; and reckless endangerment, a Class A misdemeanor.  T.C.A. §§ 39-16-603(b) (2018) (subsequently amended) (evading arrest); 55-50-504 (2020) (driving while license revoked), 39-13-103 (2018) (subsequently amended) (reckless endangerment).  The Defendant, a career offender, is serving an effective twelve-year sentence, consisting of six years in the Department of Correction and six years on probation. On appeal, the Defendant contends that the evidence is insufficient to support his evading arrest convictions.  Because the Defendant waived his right to an appeal of his convictions, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER, and J. ROSS DYER, JJ., joined.

Wesley D. Stone (on appeal), Knoxville, Tennessee; and Todd Gee (at trial), Cleveland, Tennessee, for the Appellant, Billy Wayne Locke.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Stephen Crump, District Attorney General; Matt Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant was charged in two indictments with driving-related offenses alleged to have occurred on April 12, 2020, and May 24, 2020.  In both cases, he waived his right to a jury trial and agreed to a bench trial.  The trials were held on the same date, and after the trial judge announced the verdicts, the judge encouraged the parties to reach

an agreement as to sentencing. Following a recess, trial counsel announced that the Defendant had agreed to accept a sentence of "six years [in the Department of Correction] at 60% as required by his career offender status, followed by six years on paper."

The trial court questioned the Defendant about his understanding of the sentencing agreement, and the Defendant acknowledged his acceptance and understanding of it. The court advised the Defendant of his rights to a presentence investigation and a sentencing hearing, and the Defendant verbalized his understanding of these rights and his agreement to waive them in favor of the agreed-upon sentence. The following then transpired:

> THE COURT: All right. And do you also understand that even though you waived your constitutional right to have a jury trial, you still claimed not guilty status and had a bench trial and you did preserve issues yourself and through your lawyer, and you understand that you're waiving any and all residual appeal issue; that by accepting this agreement as to sentence, the matter will be resolving with finality here today? There won't be any factual or legal issue subject to Court of Appeals review; there'll be no appeal. Do you understand that?

> DEFENDANT LOCKE: Yes, sir.

> THE COURT: All right. I'm [going to] find that you're knowingly, freely, and voluntarily waiving any final appeal issue and sentencing issue. You need to stick around for just a few more moments. Waivers of appeal written I'm going to present to you [sic], and then he'll be free to go back and I'll just sign the judgments.

The record contains a waiver of appeal document for each of the Defendant's two cases. The waivers are signed by the Defendant and the trial judge. The waivers are dated April 6, 2021, the date of the trials and sentencing. They state the docket numbers and conviction offenses for the respective cases and contain the following language:

> Comes the defendant in person and with counsel and states to the court that . . . he/she does not desire to appeal his/her case to the Criminal Appeals Court of Tennessee. He/She states that this decision has been made by him/her voluntarily after a full and complete discussion of the same with his/her attorney.

> The defendant states that he/she fully understand [sic] his/her right to appeal his/her case and that he/she, nevertheless, desires not to appeal. His/Her attorney agrees that defendant has no basis for appeal as there are no errors in the record.

After the judgments were filed, the Defendant filed a pro se notice of appeal in which he alleged that he had received the ineffective assistance of trial counsel. When no transcript was filed with this court, we entered an order directing counsel to respond regarding the status of the appeal. Counsel filed a response, which included an affidavit in which he stated that he had believed the cases were concluded with the Defendant's sentencing to the agreed-upon sentences and agreement to the waivers of an appeal. Based upon the Defendant's assertion of an ineffective assistance of counsel claim, counsel sought to withdraw from appellate representation. We granted counsel's motion to withdraw and appointed appellate counsel, who later indicated that the Defendant wished to pursue the appeal of the convictions but would not pursue his ineffective assistance of counsel claim in the present appeal.

In his brief, the Defendant raises claims regarding the sufficiency of the evidence to support his evading arrest convictions. The State responds that the Defendant waived his right to appeal the convictions in exchange for the sentencing agreement and that, in any event, the evidence is sufficient to support the convictions. In a reply brief, the Defendant argues that the State failed to show that the Defendant knowingly and voluntarily waived his right to appeal the convictions. We conclude that the Defendant waived his right to appeal the convictions.

A defendant in Tennessee has the right to a first-tier appeal of a criminal conviction. T.R.A.P. 3(b). The right to an appeal is not constitutional, but if an appeal is undertaken pursuant to statute, "the proceedings must comport with constitutional standards." *State v. Gillespie*, 898 S.W.2d 738, 741 (Tenn. Crim. App. 1994). However, an appeal is not required. *Collins v. State*, 670 S.W.2d 219, 221 (Tenn. 1984). A defendant may choose to waive his right to an appeal. *Serrano v. State*, 133 S.W.3d 699, 704 (Tenn. 2004).

Tennessee Rule of Criminal Procedure 37(d)(2) provides:

(2) Waiving Appeal. If an indigent or nonindigent defendant who has the right to appeal a conviction chooses to waive the appeal, counsel for the defendant shall file with the clerk, during the time within which the notice of appeal could have been filed, a written waiver of appeal, which must:

(A) clearly reflect that the defendant is aware of the right to appeal and voluntarily waives it; and

(B) be signed by the defendant and the defendant's counsel of record.

In the present case, the Defendant signed written waivers of appeal which acknowledged the right to an appeal and indicated he was voluntarily waiving the right

with respect to both cases. Although the documents were not signed by trial counsel, they were signed by the trial judge, and the sentencing agreement and waiver of the right to appeal were discussed and granted in open court in counsel's presence. The Defendant verbally acknowledged his knowing and voluntary acceptance of the agreement and waiver of appeal in open court. Nothing in the record suggests otherwise. Because the Defendant waived his right to an appeal of his convictions, his appeal must be dismissed.

In reaching this conclusion we have considered the Defendant's attempts to distinguish *Serrano* and *Collins* on the basis that both are post-conviction cases. His factual distinction is unavailing. Both *Serrano* and *Collins* accurately state the law regarding the opportunity for a defendant to waive an appeal of his convictions. *See Serrano*, 133 S.W.3d at 601; *Collins*, 670 S.W.2d at 221.

In consideration of the foregoing and the record as a whole, the appeal is dismissed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE