IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2017

**STATE OF TENNESSEE v. JOHN H. BRICHETTO, JR.**

**Appeal from the Criminal Court for Morgan County**
**No. 2011-CR-41A   Paul G. Summers, Senior Judge**

_____

**No. E2016-01001-CCA-R3-CD**

_____

A Morgan County Criminal Court jury convicted the Defendant-Appellant, John H. Brichetto, Jr., and his wife of theft of property valued at $60,000 or more but less than $250,000, a Class B felony, and Mr. Brichetto was subsequently sentenced as a Range I, standard offender to ten years' incarceration. In exchange for a reduced sentence for his wife, Mr. Brichetto executed a written waiver of his post-judgment rights, including the right to seek relief from his conviction or sentence, the right to appeal, the right to file a petition for post-conviction relief, and the right to collaterally attack his conviction. The trial court, after determining that Mr. Brichetto knowingly and voluntarily agreed to the waiver, accepted the written waiver and sentenced Mr. Brichetto's wife in accordance with the settlement agreement. Thereafter, Mr. Brichetto filed a motion to reduce his sentence pursuant to Tennessee Rule of Criminal Procedure 35, which the trial court denied without a hearing after reiterating that Mr. Brichetto knowingly and voluntarily waived his right to seek relief from his sentence. The court later entered a supplemental order denying the Rule 35 motion on the basis that it was untimely. On appeal, Mr. Brichetto argues (1) the trial court erred in denying his Rule 35 motion on the basis that it was untimely, and (2) the trial court erred in denying this motion based on his written waiver because the waiver is void. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

John H. Brichetto, Jr., Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Russell Johnson, District Attorney General; and Robert Edwards and Tiffany S. Smith, Assistant District Attorneys General, for the Appellee, State of Tennessee.

**OPINION**

On July 8, 2015, a Morgan County Criminal Court jury convicted Mr. Brichetto and his wife, Mrs. Brichetto, of theft of property valued at $60,000 or more but less than $250,000. At Mr. Brichetto's sentencing hearing on August 19, 2015, the trial court applied the following enhancement factors: that "[t]he defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range," that "[t]he defendant was a leader in the commission of an offense involving two (2) or more criminal actors," that "[t]he offense involved more than one (1) victim," and that "[t]he defendant abused a position of public or private trust, or used a professional license in a manner that significantly facilitated the commission or the fulfillment of the offense[.]" T.C.A. §§ 40-35-114(1), (2), (3), (14). After correctly determining that Mr. Brichetto was a Range I, standard offender with a sentencing range of eight to twelve years, the trial court imposed a sentence of ten years' incarceration. A judgment of conviction reflecting Mr. Brichetto's ten-year sentence was entered on August 24, 2015.

Thereafter, the trial court scheduled Mr. Brichetto's motion for new trial as well as Mrs. Brichetto's motion for judgment of acquittal and possible sentencing hearing for October 14, 2015. At the beginning of this hearing, the trial court said it was prepared to hear Mr. Brichetto's motion for new trial and Mrs. Brichetto's motion for judgment of acquittal or partial acquittal as well as to conduct her sentencing hearing, if necessary. The court stated, "I was informed . . . over the last two or three weeks that there may have been a global settlement made in both cases and during the conference right before we came out here today it was my understanding that there was a reasonable probability that a settlement had been made[.]"

The attorneys representing each party confirmed that the parties had reached an agreement and that Mr. and Mrs. Brichetto had each signed a waiver of rights prepared by the State. Pursuant to this agreement, Mr. Brichetto would withdraw his motion for new trial, waive his right to a motion for new trial and motion for judgment of acquittal, and waive all post-judgment rights to challenge his conviction and sentence and, in exchange, Mrs. Brichetto's conviction for the Class B felony theft would be reduced to Class C felony theft by a judgment of partial acquittal, the State would not oppose Mrs. Brichetto's request for diversion for a period of six years, Mrs. Brichetto would receive supervised probation pending her completion of diversion, Mrs. Brichetto would be jointly and severally liable with Mr. Brichetto for restitution in the amount of $142,215.00, and Mrs. Brichetto would waive her right to a motion for new trial or motion for judgment of acquittal as well as waive all post-judgment rights to challenge her conviction and sentence.

During the hearing, the trial court thoroughly questioned Mr. Brichetto regarding the terms of this agreement:

[Trial Court]: Mr. Brichetto tell me in your own words what you're doing today.

Mr. Brichetto: I'm waiving all my rights to appeal of any nature. I . . . I assume this waiver is a basically a contract between myself and the State, is that . . . am I correct in that matter? Is that . . .

[Trial Court]: . . . [T]he waiver is basically a document that says you understand what you are doing.

Mr. Brichetto; Okay.

[Trial Court]: That you understand what you're giving up. Then the waiver is used by this Court to effectuate a Judgment and that becomes a Decision.

Mr. Brichetto: Okay.

[Trial Court]: But basically do you understand?

Mr. Brichetto: Yes.

[Trial Court]: You understand basically that you are conceding, you're saying no Motion for New Trial, no appeal. [You are saying] I'm not going to come back in here eleven months and twenty-nine days and file a Post[-]conviction Relief Petition for whatever reason, that this is the end of the story, I'm going to go to . . . the Department of Correction at thirty percent and hopefully I'll be considered for parole at the earliest practical time, no less than thirty percent. Do you understand that?

Mr. Brichetto: I do.

. . . .

- 3 -

| [Trial Court]: | [D]o you understand that this is part and par[cel] . . . of the deal or the agreement that is being made with your wife[?] |
|---|---|
| Mr. Brichetto: | I do. |
| . . . . | |
| [Trial Court]: | Alright. Do you have any questions? |
| Mr. Brichetto: | I do not. |

After confirming with Mrs. Brichetto that she also understood the terms of the agreement and the rights she was waiving with this agreement, the trial court had the following exchange with Mr. and Mrs. Brichetto:

| [Trial Court]: | I'll tell you this, as to both Defendants, I find that both Defendants have made their waivers knowingly, providently, intelligently and under no coercion or promises other than that which was promised to be the recommendations. Do you agree Mrs. Brichetto? |
|---|---|
| Mrs. Brichetto: | Yes Your Honor. |
| [Trial Court]: | Do you agree Mr. Brichetto? |
| Mr. Brichetto: | Yes. |

Mr. and Mrs. Brichetto's waivers were made exhibits to the hearing. Mr. Brichetto's waiver stated, in pertinent part:

2. That Defendant John H. Brichetto, Jr. presently has the right to appeal his conviction and sentence to the Tennessee Court of Criminal Appeals by direct appeal. Defendant John H. Brichetto, Jr. further has the right to appeal the decision of the Court of Criminal Appeals to the Tennessee Supreme Court by Application for Permission to Appeal. Should Defendant Brichetto fail to gain the relief that he might seek through these appeals, Defendant Brichetto also has the right to seek relief pursuant to the Tennessee Post-Conviction Relief Act, and, failing the granting of relief in such a proceeding, Defendant Brichetto may appeal any result from that effort to the Tennessee Court of Criminal Appeals, and, subsequently, to

the Tennessee Supreme Court. In addition to these specific rights to pursue relief, Defendant Brichetto potentially has the right to seek relief in federal courts with the appropriate jurisdiction, should Defendant Brichetto exhaust his State remedies. Finally, Defendant Brichetto may have the right to pursue relief in the form of Habeas Corpus or Petition for Writ of Error Coram Nobis or other legal remedies.

. . .

4. By signing this Waiver, and as evidenced by his signature below, the Defendant, John H. Brichetto, Jr., does her[e]by agree that he waives any and all future appeals or other efforts to seek relief from his conviction in this case on any grounds, including but not limited to any errors or omissions committed by the Court, any errors or omissions committed by defense counsel, or any errors or omissions by the prosecution, committed during trial or at any other point in these proceedings to date. This waiver includes but is not limited to all of the judicial remedies mentioned in the foregoing paragraph number two (2). Further, this waiver is understood to be complete and irrevocable once it is signed by Defendant Brichetto and accepted by the Court. The result of this Waiver is that all proceedings in the matter of <u>State of Tennessee vs. John H. Brichetto, Jr. and Lisa Horn Brichetto</u>, Morgan County Criminal Court Case No. 2011-CR-41A, B, and all proceedings that may otherwise have followed on appeal or post[-] conviction, are effectively and permanently ended, leaving only the service of Defendant Brichetto's sentence as previously ordered as well as the payment of costs and restitution.

5. As part of this waiver and agreement, Defendant John H. Brichetto, Jr., explicitly understands, knowingly, freely, and voluntarily waives, and hereby swears before the Court under oath, that any and all further actions on this matter, or any other appellate or post[-]conviction proceedings that may have followed from this conviction, have been permanently foreclosed with this Waiver. If, at any time, without statutory limitation, and for any reason, Defendant John H. Brichetto, Jr. initiates, files, or in any other way resurrects any action in this matter, or any other appellate or post[-] conviction proceeding that may have stemmed from this matter, Defendant Brichetto hereby affirms that all said actions are to be immediately, automatically, and summarily dismissed with all costs taxed to Defendant Brichetto.

6.    This waiver is executed knowingly and voluntarily after receiving advice of counsel with regard to the meaning of the waiver of rights named herein.

This waiver, which was signed by Mr. Brichetto and his attorney and witnessed by the deputy clerk on October 12, 2015, was filed in the Morgan County Criminal Court on October 14, 2015.[1]  At the end of the hearing, the trial court accepted the waivers signed by Mr. and Mrs. Brichetto and sentenced Mrs. Brichetto in accordance with the terms of the parties' global settlement agreement.

On October 19, 2015, the trial court entered the following order accepting Mr. Brichetto's waiver and dismissing his motion for new trial:

A hearing was held October 14, 2015 for defendant John Brichetto. John Brichetto, through counsel, moved the Court to accept a dismissal of his motion for new trial.  He asked the Court to accept a waiver of his right to appeal; right to initiate post-conviction proceedings[;] possible writ of error coram nobis; writ of habeas corpus; and all future filings related of any type.  [Mr. Brichetto] asked for his dismissal of his motion for new trial and waiver of all future actions as part of a negotiated agreement for sentencing of his codefendant and wife, Lisa[] Horn Brichetto.

After questioning [Mr. Brichetto], the Court finds the waiver was agreed to knowingly, intentionally, providently, and under no coercion other than the agreed-upon plea arrangement.  The Court accepts defendant John Brichetto's waiver and dismisses the motion for new trial.

An amended judgment was also entered on October 19, 2015, for the purpose of converting the order of $142,215.00 in restitution to a civil judgment and holding Mr. Brichetto responsible for payment of all the court costs in this case.

On January 26, 2016, Mr. Brichetto filed a "Motion for Reduction of Sentence" pursuant to Tennessee Rule of Criminal Procedure 35.[2]   In the memorandum accompanying this motion, he asserted:

Following the entry of the judgment order (enclosed) on August 24, 2015 (filed), petitioner has the right to file a Motion for Reduction of

---

[1] The original of Mr. Brichetto's waiver was made an exhibit to the October 14, 2015 hearing.

[2] The certificate of service for this motion was signed by Mr. Brichetto on December 12, 2015. In addition, both the memorandum for this motion and the certificate of service for this memorandum were signed by Mr. Brichetto on December 12, 2015.

Sentence within 120 days, pursuant to Tennessee Rules of Criminal Procedure Rule[] 35(a). Whereby, petitioner timely filed said Motion on December 12, 2015.

Mr. Brichetto claimed he was entitled to a reduced sentence because "the State erred in enhancing his sentence by using Tennessee Rules of Evidence Rules 404(a), 404(b), and 608, which specifically deals [sic] with Character Evidence NOT factors for sentencing enhancement." He then asserted that because "the State proffered NO legitimate enhancement factors[, his] sentence should be modified/reduced to the minimum amount of eight years at thirty percent."

On April 22, 2016, the trial court, without a hearing, entered a written order denying the motion to reduce sentence. In this order, the court made the following findings:

> Shortly before the October sentencing hearing [for Mrs. Brichetto], the Court was notified that the State, and [Mr. and Mrs. Brichetto], had reached a negotiated settlement in exchange for a reduced charge and an alternative sentence for [Mrs. Brichetto]. In accordance with the negotiated settlement, [Mr. Brichetto] executed a written acknowledgment of waiver of rights in which he freely, voluntarily and knowingly waived his rights to any further legal remedies, appeals, or other efforts to seek relief **on any grounds** from conviction or sentencing in this case.

> The Court thoroughly questioned [Mr. Brichetto] on the record and confirmed his receipt of advice from counsel, knowledge, voluntariness, and his acceptance of the waiver. The waiver and the hearing transcript wherein [Mr. Brichetto] was questioned about his waivers; [Mrs. Brichetto] was questioned about her sentence; and the State explained the settlement is made a part of this order and incorporated herein as if set out verbatim.

> In a separate order, dated October 1[9], 2015, this Court formally accepted [Mr. Brichetto's] waiver, and granted his motion to accept withdrawal and dismissal of his motion for new trial. The Court specifically granted [Mr. Brichetto's] waiver of his right to appeal; right to initiate post-conviction proceedings, possible writ of error coram nobis; writ of habeas corpus; and all future filings of any type. The Court's order acknowledged that the waiver was part of a negotiated agreement for sentencing of his codefendant and wife[, Mrs. Brichetto].

The Court will not negate an agreement knowingly entered into in exchange for the Court's forbearance. [Mrs. Brichetto] and [Mr. Brichetto] have received the benefits of their bargain and must now accept the consequences of their crimes. [Mr. Brichetto's] motion to reconsider his sentence is hereby **Denied**.

After the trial court denied the motion to reduce his sentence, Mr. Brichetto filed a motion to obtain all records of the proceedings in his case at the State's expense.

On May 6, 2016, the trial court entered a supplemental order[3] again denying the motion to reduce sentence. However, in this order, the trial court relied on the fact that Mr. Brichetto's Rule 35 motion was untimely. Specifically, the trial court held:

Instead of denying the motion on jurisdictional grounds such as [Mr. Brichetto's] failure to meet the 120 day filing deadline pursuant to Rule 35, Rules of Criminal Procedure, the Court chose waiver as its reason for denial [in its April 22, 2016 order]. Tennessee Code Annotated section 40-35-212 cites circumstances when the Court retains or loses jurisdiction over sentencing. This Court has no jurisdiction over [Mr. Brichetto's] motion for reduction [of his sentence]. [Mr. Brichetto] did not comply with Rule 35 or T.C.A.§ 40-35-212. Further, no hearing was required pursuant to Rule 35. [Mr. Brichetto] had ample opportunity to present any evidence or argument he desired when he had a sentencing hearing on August 19, 2015.

Substantively, the motion to reduce the sentence is borderline obtuse. [Mr. Brichetto] had a previous felony conviction and other evidence of criminal behavior; he was a criminal leader; there were numerous victims; and he stole from the people of Morgan County, Tennessee through exploitation and violation of implied trust. The Court weighed the mitigating factors against the enhancement factors, applying principles and purposes of sentencing according to Tennessee law. [Mr. Brichetto's] ten[-]year sentence was in the middle of the range.

Rather than dismissing the motion due to lack of jurisdiction, the Court chose to remind [Mr. Brichetto] that he executed a written

---

[3] A supplemental order, identical to the May 6, 2016 supplemental order, was filed in the Morgan County Criminal Court Clerk's Office on August 28, 2016, although the record does not explain why this supplemental order was filed two different times. The defendant filed his notice of appeal to the trial court's April 22, 2016 order on May 11, 2016. Because the trial court entered its May 6, 2016 supplemental order before Mr. Brichetto filed his notice of appeal on May 11, 2016, we treat this case as an appeal of both the April 22, 2016 order and May 6, 2016 supplemental order.

acknowledgment of waiver of rights in which he freely, voluntarily and knowingly waived his rights to any further legal remedies, appeals, or other efforts to seek relief **on any grounds** from conviction or sentencing. This Court once again reminds [Mr. Brichetto] of his withdrawal and dismissal of his motion for new trial and the extended colloquy the Court had with [Mr.] Brichetto on October 14, 2015, wherein the latter, represented by qualified and competent counsel, verified under oath that he knew what he was doing. Again the court reminds [Mr.] Brichetto of his knowing withdrawal and subsequent dismissal of his motion for new trial and waiver of all appeals or post-conviction procedures. This Court remembers [Mr. Brichetto]; his case; the motions; the hearings; the legal issues; the facts of the crime; the jury trial; the sentencing; and October 14th. There is no doubt in this judge's mind that [Mr.] Brichetto knew what he was doing when he agreed to these waivers and dismissals.

[Mr. Brichetto] was mailed a complimentary copy of the April 20, 2016 order[, which was filed on April 22, 2016,] on April 20th. Less than five days later, on April 25, 2016, he filed a motion from prison to obtain records **of all proceedings in his case which led to his conviction**. Presumably he is asking for transcripts and filings from his arraignment through the waiver hearing on October 14, 2015. He is asking for these records to be transcribed or copied at State expense.

For obvious reasons, this Court **denies** his motion to obtain records at State expense.

The Court, once again, **DENIES** [Mr. Brichetto's] motion for a sentence reduction. In addition to reasons already cited, this Court has no jurisdiction because of [Mr. Brichetto's] failure to comply with Rule 35 and the jurisdictional restrictions of T.C.A. § 40-35-212.

On June 28, 2016, Mr. Brichetto filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, which the trial court denied without a hearing. This court subsequently affirmed the judgment of the trial court, concluding that Mr. Brichetto failed to state a colorable claim for Rule 36.1 relief. State v. John Brichetto, No. E2016-01675-CCA-R3-CD, 2017 WL 2929504 (Tenn. Crim. App. July 10, 2017).

On July 20, 2016, Mr. Brichetto timely filed a pro se petition for post-conviction relief, which the post-conviction court summarily denied. Thereafter, this court affirmed

the denial of post-conviction relief.  <u>John H. Brichetto, Jr. v. State</u>, No. E2016-01855-CCA-R3-PC, 2017 WL 3037539 (Tenn. Crim. App. July 18, 2017).

We must now determine whether the trial court erred in denying Mr. Brichetto's Rule 35 motion.

## ANALYSIS

**I.  Denial of Motion as Untimely.**  First, Mr. Brichetto argues that the trial court erred in denying his motion to reduce his sentence on the basis that it was untimely. Because the Rule 35 motion was not filed within the 120-day time period, Mr. Brichetto is not entitled to relief.

Relying on the timeliness of his motion, Mr. Brichetto claims that he is entitled to relief because his sentence was erroneously enhanced under a sentencing scheme held to be unconstitutional.  <u>See</u> <u>Blakely v. Washington</u>, 542 U.S. 296 (2004); <u>Cunningham v. California</u>, 549 U.S. 270 (2007); <u>State v. Gomez</u> ("Gomez II"), 239 S.W.3d 733 (Tenn. 2007); Tenn. Op. Att'y Gen. No. 04-131, 2004 WL 1881180, at *2 (Tenn. A.G. Aug. 13, 2004).

Tennessee Rule of Criminal Procedure 35, which governs the reduction of sentences, provides:

> (a) Timing of Motion.  The trial court may reduce a sentence upon motion filed within 120 days after the date the sentence is imposed or probation is revoked.  No extensions shall be allowed on the time limitation.  No other actions toll the running of this time limitation.

> (b) Limits of Sentence Modification.  The court may reduce a sentence only to one the court could have originally imposed.

> (c) Hearing Unnecessary.  The trial court may deny a motion for reduction of sentence under this rule without a hearing.

> (d) Appeal.  The defendant may appeal the denial of a motion for reduction of sentence but shall not be entitled to release on bond unless already under bond.  If the court modifies the sentence, the state may appeal as otherwise provided by law.

Tenn. R. Crim. P. 35.  The Advisory Commission Comment to Rule 35 states, "The intent of this rule is to allow modification only in circumstances where an alteration of

the sentence may be proper in the interests of justice." In order to receive Rule 35 relief, a defendant must "show that post-sentencing information or developments ha[ve] arisen to warrant a reduction of his sentence in the interest of justice." State v. McDonald, 893 S.W.2d 945, 948 (Tenn. Crim. App. 1994).

The denial of a Rule 35 motion is reviewed under an abuse of discretion standard. State v. Edenfield, 299 S.W.3d 344, 346 (Tenn. Crim. App. 2009); State v. Irick, 861 S.W.2d 375, 376 (Tenn. Crim. App. 1993). A trial court abuses its discretion only when it "has applied an incorrect legal standard, or has reached a decision which is illogical or unreasonable and causes an injustice to the party complaining." State v. Ruiz, 204 S.W.3d 772, 778 (Tenn. 2006) (citing Howell v. State, 185 S.W.3d 319, 337 (Tenn. 2006)).

We agree with the trial court's determination that Mr. Brichetto's Rule 35 motion was untimely. The sentence in this case was imposed on August 24, 2015, and Mr. Brichetto had 120 days, which ended on December 23, 2015 to file his motion to reduce sentence under Rule 35. Because Mr. Brichetto did not file his motion until January 26, 2016, more than a month after the 120-day deadline lapsed, his Rule 35 motion was untimely. We are bound by Rule 35(a), which explicitly states that no extensions to this 120-day limitation period shall be allowed and that no other actions toll the running of this time limitation.

Mr. Brichetto asserts for the first time in his appellate brief that his Rule 35 motion was timely filed because he gave this motion to the Bledsoe County Correctional Facility Mailroom Clerk on December 16, 2015. Tennessee Rule of Criminal Procedure 49(d)(1) states, "If a paper required or permitted to be filed pursuant to the rules of criminal procedure is prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and is not received by the court clerk until after the deadline for filing, the filing is timely if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing." Under this rule, a pro se inmate has the burden of showing that he delivered the filing to the appropriate individual at the correctional facility within the time set for filing. Tenn. R. Crim. P. 49(d)(1), (3).

We conclude that Mr. Brichetto has failed to satisfy his burden of showing that he delivered his motion to the appropriate individual at the correctional facility on or before December 23, 2015. Although Mr. Brichetto attached to his appellate brief what he purports to be a mailroom log showing that he delivered an unidentified document to be mailed to the Criminal Court Clerk in Wartburg, Tennessee and an unidentified document to be mailed to the district attorney in Kingston, Tennessee on December 17, 2015, this attachment is not a part of the appellate record, and this court is precluded from

considering it. This court has repeatedly held that it may not consider documents attached to appellate briefs that have not been presented to the trial court. See Tenn. R. App. P. 13(c); State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990) (holding that this court could not consider a transcript attached to the appellant's brief because it was not made a part of the record); Grover L. Dunigan v. State, No. E2005-01574-CCA-R3-PC, 2006 WL 433699, at *3 (Tenn. Crim. App. Feb. 23, 2006) (stating that "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal").

Because we have concluded that the Rule 35 motion was untimely, our consideration of Mr. Brichetto's claim that his sentence was unconstitutionally enhanced is unnecessary. However, given the possibility of further appellate review, we will briefly address this issue. Initially, we note that Mr. Brichetto has waived this issue by failing to raise it in the trial court. See State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996) ("Ordinarily, issues raised for the first time on appeal are waived."); State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court.").

Waiver notwithstanding, Mr. Brichetto is not entitled to relief on this claim. In 2005, Tennessee amended its sentencing scheme to allow a trial court to impose a sentence within a defendant's applicable sentencing range, and in 2007, the United States Supreme Court held that these amendments were constitutionally sound. State v. Bise, 380 S.W.3d 682, 696-99 (Tenn. 2012); see Cunningham, 549 U.S. at 294 n.18. The record shows that Mr. Brichetto committed the offense in this case sometime between May 29, 2008, and March 17, 2009, and was convicted of Class B felony theft on July 8, 2015. The transcript from the August 19, 2015 sentencing hearing shows that the trial court sentenced Mr. Brichetto pursuant to the amended sentencing act. After properly applying several enhancement factors, the trial court sentenced him as a Range I, standard offender to ten years' incarceration, which was within the proper sentencing range. See T.C.A. § 40-35-112(a)(2) (stating that a Range I offender convicted of a B felony has a sentence range of eight to twelve years). Mr. Brichetto's complaints relate to the trial court's imposition of an improper sentence at the sentencing hearing, and we have already noted that such claims do not constitute a basis for Rule 35 relief. See McDonald, 893 S.W.2d at 948 (stating that a defendant must "show that post-sentencing information or developments ha[ve] arisen to warrant a reduction of his sentence in the interest of justice"). In any case, because Mr. Brichetto was sentenced under the amended sentencing scheme and within his appropriate range, his ten-year sentence is not unconstitutional. See Bise, 380 S.W.3d at 696-99.

**II. Waiver of Rights.** Mr. Brichetto also argues that the trial court erred in denying the Rule 35 motion based on his execution of the waiver of his post-judgment

rights. He asserts, for the first time in his appellate brief, that the trial court lacked jurisdiction to accept the written waiver of his post-judgment rights because he never filed a motion for new trial. Specifically, he contends that because his sentence was imposed on August 19, 2015, and because no motion for new trial or other post-trial motion was filed, his judgment became final on September 20, 2015, making both the trial court's October 19, 2015 order accepting his waiver of post-judgment rights and his written waiver void.

Although we have already concluded that the trial court did not abuse its discretion in denying the Rule 35 motion on the basis that it was untimely, we will briefly address Mr. Brichetto's claim regarding his waiver in the event of further appellate review. At the outset, we note that Mr. Brichetto has waived this issue by failing to raise it in the trial court. See Alvarado, 961 S.W.2d at 153; Turner, 919 S.W.2d at 356-57.

Waiver notwithstanding, we will briefly consider Mr. Brichetto's claim that the trial court lacked jurisdiction to accept his written waiver because he never filed a motion for new trial. Despite this claim, the record shows that Mr. Brichetto actually filed a motion for new trial and then withdrew it in order for his wife to receive judicial diversion. The State's twenty-four page response to the motion for new trial, the transcript from the October 14, 2015 hearing, and the trial court's October 19, 2015, April 22, 2016, and May 6, 2016 orders all indicate that Mr. Brichetto timely filed a motion for new trial. Consequently, Mr. Brichetto's claim that he never filed a motion for new trial is simply not supported by the record.

The entry of the trial court's October 19, 2015 order, which dismissed the motion for new trial, gave Mr. Brichetto the opportunity to file a written waiver of his right to a direct appeal within thirty days, which is the time within which he was required to file his notice of appeal. See Tenn. R. Crim. P. 37(d)(2). Because Mr. Brichetto's written waiver was filed on October 14, 2015, it was timely filed for the purposes of Rule 37.

The record shows that the trial court entered its October 19, 2015 order only after determining that Mr. Brichetto had voluntarily and knowingly agreed to the waiver of his post-judgment rights. It is well established that a defendant may knowingly and voluntarily waive his right to relief from a conviction or sentence. See Collins v. State, 670 S.W.2d 219, 221 (Tenn. 1984) (recognizing that the law "does not require an appeal of a conviction in a criminal case in the event the defendant, for reasons satisfactory to himself, desires not to have such an appeal."); Serrano v. State, 133 S.W.3d 599, 604 n.2 (Tenn. 2004) (noting that a petitioner may waive the right to post-conviction relief so long as the waiver is knowing and voluntary); Cf. Watson v. United States, 165 F.3d 486, 488-89 (6th Cir. 1999) (holding that the defendant was barred from bringing a motion to

vacate, set aside, or correct sentence because he knowingly and voluntarily waived the right to collaterally attack his sentence in the plea agreement).

We conclude that Mr. Brichetto's written waiver was sufficient to waive his rights to challenge his conviction and sentence. Mr. Brichetto's written waiver states that he "explicitly understands, knowingly, freely, and voluntarily waives, and hereby swears before the Court under oath, that any and all further actions on this matter, or any other appellate or post[-]conviction proceedings that may have followed from this conviction, have been permanently foreclosed with this Waiver." It also states that Mr. Brichetto executed this waiver "knowingly and voluntarily after receiving advice of counsel with regard to the meaning of the waiver of rights named herein." During the trial court's extensive questioning of him at the October 14, 2015 hearing, Mr. Brichetto unequivocally stated that he understood the numerous rights he was waiving and that he knowingly and voluntarily signed the waiver. The language of the waiver itself shows that Mr. Brichetto waived his right to any relief from his conviction or sentence. Accordingly, we conclude that the waiver was sufficient to inform Mr. Brichetto that he was waiving his post-judgment rights, including his right to file a motion to reduce his sentence pursuant to Rule 35. Because the trial court retained jurisdiction to accept Mr. Brichetto's written waiver of his post-judgment rights, we conclude that neither the October 19, 2015 order nor the waiver are void. We also conclude that the trial court did not abuse its discretion in denying the Rule 35 motion based on Mr. Brichetto's execution of this waiver.

## CONCLUSION

Based on the aforementioned authorities and analysis, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE

- 14 -